**Jan R. WADDELL, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2004-SC-0630-KB.

Supreme Court of Kentucky.

Feb. 23, 2006.

As Modified May 18, 2006.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to grant, on conditional terms, Petitioner's, Jan R. Waddell's, application to be restored to the practice of law. We so grant and enter an Order conditionally restoring Petitioner as a licensed attorney in the Commonwealth of Kentucky.

Petitioner was admitted to the Kentucky Bar on June 4, 1979. He was suspended from the practice of law on February 4, 2003, for failing to comply with the continuing legal education requirements pursuant to SCR 3.669. At the time of his suspension, Petitioner had pending disciplinary complaints against him that prevented him from being eligible to apply for restoration until they were resolved. The complaints were ultimately resolved on June 17, 2004. At that time, this Court entered a Confidential Opinion and Order sustaining, without objection from Bar Counsel, Petitioner's Motion for Private Reprimand. Petitioner was reprimanded because he commingled personal funds with client funds in his escrow account in violation of SCR 3.130-1.15(a). Additionally, Petitioner failed to maintain his escrow account at a bank which agrees to notify the KBA in the event of an overdraft, in further violation of SCR 3.130-1.15(a).

On or about August 12, 2004, Petitioner filed an application for restoration with the Kentucky Bar Association pursuant to SCR 3.500. The application revealed a history of criminal offenses from October 5, 1991 to October 13, 2004, including four arrests for driving under the influence, an arrest for assault in the fourth degree, menacing, and various traffic offenses. Petitioner pled guilty to driving under the influence on two occasions, in 1993 and 2004. He also pled guilty to assault and reckless driving in 1991 and wanton endangerment in 2000. Several other criminal charges were dismissed or merged into other offenses. Notably, Petitioner was involved in domestic violence proceedings where he was ordered to undergo domestic violence treatment. He has also been ordered to complete an anger management program.

Despite this long list of criminal charges and convictions, Petitioner's application was incomplete, as he failed to answer or explain two key questions on the applica-

tion. Specifically, Petitioner did not, as the application directed, explain the origin of unprofessional or unethical conduct charges, and did not respond to a question asking whether there were any unsatisfied judgments against him. Rather, he attached pleadings and final judgments against him in two civil cases without indicating whether the judgments had been satisfied.

After receiving a letter from Bar Counsel, Petitioner filed an amended application for restoration on February 28, 2005. Petitioner's amended application disclosed the 2004 Private Reprimand, but still failed to disclose his full disciplinary history. Specifically, Petitioner had been charged with ethics code violations in four disciplinary matters from May 1998 to December 1998. These charges were dismissed on April 20, 2000. Three of the charges were dismissed because of "unavailable/hostile" witnesses and the fourth was dismissed by a not guilty determination. The amended application also disclosed that Petitioner's outstanding debt on the two civil judgments against him was over $60,000.

On March 17, 2005, Petitioner self-referred himself to KYLAP for alcohol dependency issues. After a hearing on May 31, 2005, the Character and Fitness Committee concluded, despite his extensive criminal record and continuing issues with alcohol abuse, that he was fit to be restored to the practice of law, conditioned on his compliance with a Supervision Agreement with KYLAP and a Consent Agreement with the Office of Bar Admissions. The Supervision agreement required Petitioner to abstain from drugs and alcohol, to attend Alcoholics Anonymous meetings at least twice a week, to obtain psychological counseling and comply with treatment recommendations, and to submit to and pay for random drug/alcohol screenings.

On July 6, 2005, Petitioner failed to appear for a random drug/alcohol screening within the required six-hour time period. When Petitioner did appear the following day, he, nevertheless, failed the test. Petitioner also failed to mail in payment for the test, as required by the Supervision Agreement.

On October 11, 2005, the Character and Fitness Committee held another hearing. Petitioner testified to his continued troubles with alcohol dependency, including the fact that he was caring for a terminally ill brother who was living with him. Since his failed screening test on July 7, 2005, he appeared for two more random tests, which he passed. The Committee noted that one of the tests required him to appear the day after his brother passed away. Petitioner apologized for his conduct since his last hearing, including an episode where he let his anger get the best of him at a testing center. His KYLAP supervisor testified on Petitioner's behalf. The Committee also considered three affidavits attesting to Petitioner's good character.

On October 31, 2005, the Committee found that although Petitioner clearly breached agreements he made to it during his first hearing in May 2005, he had subsequently been contrite and sincere in his desire to abstain from alcohol in the future and to comply with a new Supervisory Agreement. The Committee decided to renew its recommendation that Petitioner be conditionally restored to the practice of law so long as he (1) demonstrates abstinence for a period of six months (which ends January 7, 2006); (2) is subject to a three-year Supervisory Agreement with KYLAP; and (3) signs a Consent Agreement with the Office of Bar Admissions. The Committee also recommended that if Petitioner violates any part of the Agreement, he should immediately relinquish his

license and agree not to seek restoration for at least two years.

By a vote of twenty-one to zero (21–0), the Board of Governors unanimously adopted the recommendation of the Character and Fitness Committee, except for the recommendation about Petitioner immediately relinquishing his license in the event he should breach any part of his agreements. The Board opted instead for a statement that Petitioner would be entitled to a due process hearing if such an event were to occur.

Petitioner has satisfied his CLE course requirements through the end of the educational year ending June 30, 2005. Petitioner has also paid the required filing fee and outstanding bar dues. At the time this matter was considered by the Board of Governors, there were no pending complaints, charge files, or Client Security Fund claims pending against Petitioner.

## II. Conclusion

Upon the foregoing facts, we find no impediments to the conditional restoration of Petitioner to the practice of law. Therefore, it is ORDERED that:

1. Jan R. Waddell Sr. is hereby restored to the practice of law in the Commonwealth of Kentucky with the following conditions: (1) that Petitioner abide by and adhere to the letter and the spirit of the conditions set forth in the three-year Supervisory Agreement entered into with KYLAP and executed on December 9, 2005; (2) that Petitioner abide by and adhere to the letter and the spirit of the conditions set forth in the three-year Consent Agreement entered into with the Kentucky Office of Bar Admissions on December 9, 2005; and (3) that Petitioner satisfy his CLE course requirements through the end of the educational year ending June 30, 2006 in a timely manner.

2. In accordance with SCR 3.450, Petitioner is directed to pay all costs associated with these proceedings in the amount of $1,864.34 for which execution may issue from this Court upon finality of this Order.

All concur.

ENTERED: February 23, 2006.

/s/ Joseph E. Lambert
Chief Justice